**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1783-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GERALD W. TRAYNOR,

    Defendant-Appellant.

_____

Submitted August 11, 2025 – Decided August 28, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Accusation No. 19-11-1048.[1]

Fusco & Macaluso, PC, attorneys for appellant (Amie E. DiCola, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (John J. Santoliquido, Deputy Attorney General, of counsel and on the brief).

---

[1] The accusation and plea forms indicate Accusation No. 19-07-1048 but the judgment of conviction reflects Accusation No. 19-11-1048.

PER CURIAM

Defendant Gerald W. Traynor appeals from the January 3, 2024 order denying his petition for post-conviction relief (PCR) without a hearing. Defendant raises a single issue for our consideration:

> THIS HONORABLE COURT SHOULD REVERSE THE DENIAL OF [DEFENDANT]'S PETITION FOR [PCR] AS THE UNITED STATES SUPREME COURT'S DECISION IN VAN BUREN[2] DICTATES THAT [DEFENDANT] CANNOT BE FOUND CRIMINALLY CULPABLE, IN VIOLATION OF N.J.S.A. 2C:20-25(c), FOR THE CONDUCT WHICH HE PLED TO.

Because the PCR court mistakenly analyzed defendant's claims under the incorrect section of the criminal code, we reverse and remand for the court to consider the petition anew.

On July 11, 2019, defendant pleaded guilty to a single-count accusation charging him with third-degree computer criminal activity, N.J.S.A. 2C:20-25(c). During the plea colloquy, defendant admitted that, while on duty as a police officer, he "purposely and knowingly access[ed] the [police] computer system without . . . authorization or in excess of [his] authorization" and "obtained the personal identifying information on an individual whose initials

---

[2] Van Buren v. United States, 593 U.S. 374 (2021).

A-1783-23

are S.T." In accordance with the plea agreement, defendant was sentenced to a one-year term of probation and required to forfeit his employment as a police officer and all future public employment pursuant to N.J.S.A. 2C:51-2.

Defendant filed a timely petition for PCR seeking to vacate his guilty plea and conviction, followed by submission of a counseled amended petition. Defendant argued he was entitled to relief because the United States Supreme Court's decision in Van Buren held conduct similar to that which defendant allocuted was not a violation of the Computer Fraud and Abuse Act of 1986 (CFAA), 18 U.S.C. § 1030(a)(2), a federal statute analogous to the state statute to which defendant pleaded guilty.

After hearing argument, the PCR court issued an order denying the petition accompanied by a written opinion explaining its reasons. Although the correct sections of the criminal code were discussed during argument, the court's opinion mistakenly analyzed defendant's claims as though he had been convicted under N.J.S.A. 2C:20-25(a) instead of section (c).

The relevant portions of N.J.S.A. 2C:20-25 provide:

> A person is guilty of computer criminal activity if the person purposely or knowingly and without authorization, or in excess of authorization:
>
> a. Accesses any data, data base, computer storage medium, computer program, computer software,

computer equipment, computer, computer system or computer network; [or]

. . . .

c. Accesses or attempts to access any data, data base, computer, computer storage medium, computer program, computer software, computer equipment, computer system or computer network for the purpose of executing a scheme to defraud, or to obtain services, property, personal identifying information, or money, from the owner of a computer or any third party[.]

While both sections (a) and (c) prohibit a person from accessing a database "purposely or knowingly and without authorization, or in excess of authorization," section (c) prohibits accessing a database for the purpose of obtaining personal identifying information of a third party. This is not a distinction without a difference. We note that Van Buren concerned the CFAA section[3] most analogous to N.J.S.A. 2C:20-25(a), which was also the section addressed in the two published Law Division cases[4] considered by the PCR court. Thus, by examining the incorrect section of the criminal code to which

---

[3] The CFAA does not contain a provision that specifically addresses accessing personal identifying information of a third party.

[4] State v. Riley, 412 N.J. Super. 162 (Law Div. 2009); State v. Thompson, 444 N.J. Super. 619 (Law Div. 2014).

defendant entered his plea, the court did not consider this pertinent distinction in its analysis.

Because the PCR court mistakenly viewed defendant's petition through the lens of the incorrect statutory provision, we are constrained to reverse the order denying the petition and remand for further proceedings consistent with this opinion. We take no position on the outcome of those proceedings.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Harley

Clerk of the Appellate Division

A-1783-23